# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-2297 Frank Harmon Black, et al. v. FINRA, et al. |
| **Originating No. & Caption** | 3-19185 Southeast Investments, N.C., Inc., et al. v. FINRA |
| **Originating Court/Agency** | Securities and Exchange Commission |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 15 U.S.C. § 78y | | |
| Time allowed for filing in Court of Appeals | 60 days | | |
| Date of entry of order or judgment appealed | December 7, 2023 | | |
| Date notice of appeal or petition for review filed | December 19, 2023 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◯ Yes | ⦿ No |
| Has transcript been filed in district court? | ◯ Yes | ⦿ No |
| Is transcript order attached? | ◯ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◯ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ◯ No |
| Does case involve question of first impression? | ⦿ Yes | ◯ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Frank Black and his company, Southeast Investments, N.C., Inc. ("SEI"), appeal from a final order of the Securities and Exchange Commission ("SEC") affirming, in part, a disciplinary order issued by the Financial Industry Regulatory Authority ("FINRA").

FINRA filed a five-count complaint against Black and SEI alleging violations of securities laws, regulations, and rules. FINRA's Office of Hearing Officers held a hearing on the charges and found for the prosecution on all counts. It fined Black and SEI $243,000 and banned Black from the profession. FINRA's National Adjudicatory Council vacated some findings but affirmed others, reducing the fine to $146,500 but upholding the lifetime bar against Black. The SEC sustained the findings of violations and sanctions imposed for the supervisory violation and the failure to preserve 16 emails but remanded to FINRA with respect to the alleged provision of false testimony and fabricated documents.

Black and SEI appeal the decision and bring the following constitutional challenges to FINRA and SEC's structure and adjudication.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

(1) FINRA's hearing officers and adjudicators hear and decide cases, exercising nearly identical powers to the SEC administrative law judges in Lucia v. SEC, 138 S.Ct. 2044 (2018) that were held to violate the Constitution's Appointment's Clause, and FINRA's officers are not appointed in accord with the Appointment's Clause. Do FINRA's hearing officers and adjudicators violate the Appointment's Clause, and thus are their decisions void?

(2) FINRA, a private entity, makes rules, enforces securities laws, SEC regulations, and FINRA rules, and then adjudicates violations of those laws, regulations, and rules. Does FINRA's exercise of legislative, executive, and judicial powers violate the private nondelegation doctrine?

(3) FINRA adjudicates Black and SEI's private rights to liberty and property outside Article III and outside Article II with no jury trial and deferential review on appeal. The Supreme Court has never upheld private adjudication of private rights. Does FINRA's adjudcatory process violate Article III, the Due Process Clause, and the Seventh Amendment?

(4) Was the final order of discipline justified by adequate evidence?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

Adverse Party: FINRA
Financial Industry Regulatory Authority
Attorney: Cory Hohnbaum
Address: KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, NC 28202

E-mail: chohnbaum@kslaw.com

Phone: 704-503-2561

Adverse Party: FINRA
Financial Industry Regulatory Authority
Attorney: Amir C. Tayrani
Address: GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

E-mail: ATayrani@gibsondunn.com

Phone: 202-955-8500

**Adverse Parties (continued)**

Adverse Party: FINRA
Financial Industry Regulatory Authority
Attorney: Alex Gesch
Address: GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

E-mail: AGesch@gibsondunn.com

Phone: 202-955-8500

Adverse Party: FINRA
Financial Industry Regulatory Authority
Attorney: Max E. Schulman
Address: GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

E-mail: MSchulman@gibsondunn.com

Phone: 202-955-8500

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Frank Harmon Black<br><br>Attorney: Aditya Dynar<br>Address: Pacific Legal Foundation<br>　　　　3100 Clarendon Blvd., Suite 1000<br>　　　　Arlington, VA 22201<br><br>E-mail: ADynar@pacificlegal.org<br><br>Phone: 202-807-4472 | Name: Southeast Investments, N.C., Inc.<br><br>Attorney: Aditya Dynar<br>Address: Pacific Legal Foundation<br>　　　　3100 Clarendon Blvd., Suite 1000<br>　　　　Arlington, VA 22201<br><br>E-mail: ADynar@pacificlegal.org<br><br>Phone: 202-807-4472 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Aditya Dynar　　　　　　　　**Date:** 12/22/23

**Counsel for:** Petitioners-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:　　　　　　　　　　　　　　　　Date:

Docketing Statement

Additional Counsel for Respondents:

| | |
|---|---|
| Name: | **Financial Industry Regulatory Authority** |
| Attorney: | Amalia Reiss |
| Address: | GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306 |
| Email: | AReiss@gibsondunn.com |
| Phone: | 202-955-8500 |
| | |
| Name: | **Securities and Exchange Commission** |
| Attorney: | Daniel Staroselsky |
| Address: | U.S. Securities & Exchange Commission<br>100 F Street, NE<br>Washington, DC 20549 |
| Email: | StaroselskyD@sec.gov |
| Phone: | 202-551-5774 |
| | |
| Name: | **Securities and Exchange Commission** |
| Attorney: | Christine L. Coogle |
| Address: | U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. NW<br>Washington, D.C. 20005 |
| Email: | christine.l.coogle@usdoj.gov |
| Phone: | 202-880-0282 |

| | |
|---|---|
| Name: | **Securities and Exchange Commission** |
| Attorney: | Archith Ramkumar |
| Address: | U.S. Securities & Exchange Commission<br>100 F Street, NE<br>Washington, DC 20549 |
| Email: | RamkumarA@sec.gov |
| Phone: | 202-551-4886 |