No. 23-2297

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

FRANK HARMON BLACK and SOUTHEAST INVESTMENTS, N.C., INC.,

*Petitioners*,

v.

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,
and SECURITIES AND EXCHANGE COMMISSION,

*Respondents*.

On Petition For Review Of An Order Of The
Securities And Exchange Commission

**UNOPPOSED MOTION OF RESPONDENT
FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.
TO AMEND CAPTION AND FOR LEAVE TO INTERVENE IN SUPPORT
OF RESPONDENT SECURITIES AND EXCHANGE COMMISSION**

Amir C. Tayrani
Alex Gesch
Max E. Schulman
Amalia Reiss
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3692
ATayrani@gibsondunn.com

*Attorneys for Respondent Financial
Industry Regulatory Authority, Inc.*

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rules of Appellate Procedure 15 and 27 and this Court's Rule 12(e), Respondent Financial Industry Regulatory Authority, Inc. ("FINRA") respectfully moves for an order (1) amending the caption to reflect that FINRA was not properly named as a respondent in this case, (2) granting FINRA leave to intervene in support of Respondent Securities and Exchange Commission ("SEC" or "Commission"), and (3) granting FINRA leave to file a separate intervenor brief. Pursuant to this Court's Rule 27(a), FINRA consulted with counsel for Petitioners and for Respondent SEC, and is authorized to state that these parties do not oppose this motion and do not intend to file responses in opposition.

## BACKGROUND

FINRA is a private company that is registered as a self-regulatory organization under the Securities Exchange Act of 1934 ("Exchange Act") and that regulates its broker-dealer members subject to comprehensive SEC oversight. *See generally Scottsdale Cap. Advisors Corp. v. FINRA*, 844 F.3d 414, 417-18 (4th Cir. 2016). The SEC reviews FINRA's proposed rules and approves them if they are "consistent with the requirements of [the Exchange Act]." 15 U.S.C. § 78s(b)(1), (2). The SEC also ensures that FINRA "enforce[s] compliance" with the Exchange Act and FINRA's rules and that it "appropriately discipline[s]" its members and associated persons for violations, pursuant to rules providing a fair procedure. *Id*.

§ 78o-3(b)(2), (7), (8).  FINRA's SEC-approved rules provide for multiple layers of administrative and judicial review of FINRA disciplinary proceedings, culminating in a *de novo* appeal to the SEC, followed by a petition for review of the SEC's order to a U.S. Court of Appeals.  *Id.* §§ 78s(d)(2), (e)(1), 78y(a)(1).

This case arises from a FINRA disciplinary proceeding against Petitioners. Petitioner Black is a securities broker and the president of Petitioner Southeast Investments, N.C., Inc., a broker-dealer and FINRA member.  *See* SEC Order 2, Dkt. 3-2.  In 2015, FINRA's Department of Enforcement brought an enforcement action against Petitioners alleging violations of FINRA rules and the Exchange Act, which resulted in a 2019 decision by FINRA's National Adjudicatory Council fining Petitioners and barring Black from the securities industry.  *Id.* at 5-7.  Petitioners appealed that decision to the SEC pursuant to the Exchange Act's administrative-appeal process.  *Id.* at 8.  While that appeal was pending, Petitioners also filed suit against FINRA and the SEC in the U.S. District Court for the Western District of North Carolina seeking injunctive and declaratory relief on the ground that FINRA's structure and procedures violate the Constitution's Appointments Clause, the private nondelegation doctrine, and Article III and the Seventh Amendment.  *See* Compl., D.E. 1 ¶¶ 61-81, *Black v. FINRA*, No. 3:23-cv-709 (W.D.N.C. filed Oct. 30, 2023).

On December 7, 2023, the SEC resolved Petitioners' administrative appeal by issuing an order affirming FINRA's decision in part and remanding in part for

2

further proceedings before FINRA. SEC Order 1-2. Petitioners then filed a petition for review of that SEC order in this Court, initiating this case. Pet., Dkt. 3-1. They named both FINRA and the SEC as respondents in the petition for review. *Id.*

Petitioners subsequently filed a docketing statement in this Court indicating that they intend to challenge the SEC's order primarily on the grounds that FINRA's structure and disciplinary procedures violate the Constitution. *See* Docketing Stmt. 2-3, Dkt. 10. In particular, Petitioners intend to raise the same constitutional arguments they have recently made against FINRA in their pending district-court case, including challenges under the Appointments Clause, the private nondelegation doctrine, and Article III and the Seventh Amendment. *Id.*

## ARGUMENT

### I. The Caption Should Be Amended To Remove FINRA As A Respondent.

Although the petition for review that initiated this case names both the SEC and FINRA as respondents, the latter designation is improper. *See* Pet. 1. Petitioners assert that they have been "'aggrieved by a final order of the [Securities and Exchange] Commission.'" *Id.* at 3 (quoting 15 U.S.C. § 78y(a)(1)). The SEC is the only proper respondent in a petition for review of that order. *See* Fed. R. App. P. 15(a)(2)(B) ("The petition must . . . name the agency as a respondent"); *see also*, *e.g.*, *Am. Fed'n of Gov't Emps. v. FLRA*, 842 F.2d 102, 103 n.2 (5th Cir. 1988) ("Fed.

3

R. App. P. 15(a) . . . unequivocally requires the named respondent to be the agency that issued the order complained of.").

FINRA is not a federal agency and did not issue the SEC order that Petitioners challenge. FINRA should thus be removed from the caption as a respondent. In similar circumstances, when a petition for review improperly named as a respondent a party other than the agency that issued the challenged order, other courts have amended the caption to omit that party. *See*, *e.g.*, *Oil, Chem. & Atomic Workers v. NLRB*, 694 F.2d 1289, 1298 (D.C. Cir. 1982) ("administratively delet[ing]" improper respondents "from the caption"); *Brown v. NHTSA*, 673 F.2d 544, 544 n.\* (D.C. Cir. 1982) ("amend[ing]" the caption to "conform" with applicable statutory requirements); *Am. Newspaper Publishers Ass'n v. NLRB*, 190 F.2d 45, 49 (7th Cir. 1951) ("strik[ing] the name of" improper respondents "from the caption"). This Court should follow the same course and amend the caption in this case to reflect that FINRA was not properly named as a respondent.

## II.   The Court Should Grant FINRA Leave To Intervene.

Although FINRA was not properly named as a respondent in the petition for review, FINRA has a strong interest in participating in this case as an intervenor in support of Respondent SEC. FINRA satisfies the standard for intervention because it has a direct, substantial, and unique interest in this case, which challenges the constitutionality of FINRA's structure and disciplinary procedures.

4

### A.  FINRA Satisfies The Standard For Intervention As Of Right.

A proposed intervenor as of right must (1) file a "'timely motion,'" *JLS, Inc. v. Pub. Serv. Comm'n*, 321 F. App'x 286, 289 (4th Cir. 2009), and must "demonstrate: ([2]) an interest in the subject matter of the action; ([3]) that the protection of this interest would be impaired because of the action; and ([4]) that the applicant's interest is not adequately represented by existing parties to the litigation," *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).  FINRA satisfies each requirement.

*First*, intervention is timely.  This motion was filed within 30 days of the petition for review.  *See* Fed. R. App. P. 15(d).  And no briefing schedule has yet been set in this case, 4th Cir. R. 31(b), so FINRA's intervention would not result in any delay.

*Second*, FINRA has a substantial interest in the subject of this case.  Petitioners' docketing statement indicates their intent to seek relief from this Court primarily based on the same constitutional challenges to FINRA's structure and procedures that Petitioners have already raised in their pending action against FINRA in the Western District of North Carolina, which represent three of the four issues Petitioners identify on appeal.  *See* Docketing Stmt. 3; Compl., D.E. 1 ¶¶ 61-78, *Black v. FINRA*, No. 3:23-cv-709 (W.D.N.C. filed Oct. 30, 2023). Further, in its capacity as a private self-regulatory organization, FINRA conducted the

disciplinary proceeding against Petitioners that gave rise to the SEC order under review. This case therefore resembles others in which courts have allowed self-regulatory organizations to intervene where, as here, a petitioner challenging Commission action raised issues in a petition for review that implicated the self-regulatory organization's interests, including with respect to the constitutionality of the self-regulatory organization's actions. *See, e.g.*, Order, *All. for Fair Bd. Recruitment v. SEC*, No. 21-60626 (5th Cir. Sept. 8, 2021) (granting Nasdaq's motion to intervene); Order, *Chi. Bd. Options Exch., Inc. v. SEC*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene); Order, *Orbixa Techs., Inc. v. SEC*, No. 13-4636 (2d Cir. Feb. 7, 2014) (granting New York Stock Exchange's motion to intervene); Order, *Sec. Indus. & Fin. Mkts. Ass'n v. SEC*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and New York Stock Exchange's motions to intervene); Order, *Domestic Sec., Inc. v. SEC*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (granting Nasdaq's motion to intervene).

*Third*, and relatedly, the Court's disposition of this case could significantly impair FINRA's ability to carry out the self-regulatory responsibilities delegated to it in the Exchange Act. Among other claims, Petitioners have stated their intent to argue that FINRA's "hearing officers and adjudicators" and "adjudicatory process" are unconstitutional and that "their decisions" are therefore "void." Docketing Stmt.

6

3. FINRA's interests would be significantly impaired by a decision endorsing any of these constitutional challenges to FINRA's structure and disciplinary procedures.

*Fourth*, FINRA has its own unique interest in the outcome of this proceeding, which is separate and distinct from the SEC's interest as FINRA's regulator. Although the SEC's and FINRA's interests may be aligned "[a]t a high level of abstraction" in that both would be defending the order under review, their precise interests are "not 'identical.'" *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022). In particular, FINRA has an interest in defending the constitutionality of its structure, authority, and procedures that transcends the constitutionality of the underlying provisions of the Exchange Act, which are likely to be of greatest concern to the SEC as the agency that administers that statute. In fact, when intervening in support of FINRA in similar pending constitutional challenges to FINRA's structure and procedures, the United States has repeatedly declared a "limited purpose of defending the constitutionality of the federal securities laws." Notice of Intervention, D.E. 21 at 1, *Lebental v. FINRA*, 23-cv-3119 (D.D.C. Nov. 6, 2023); Notice of Intervention, D.E. 14 at 1, *Kim v. FINRA*, 23-cv-2420 (D.D.C. Sept. 20, 2023); Notice of Intervention, D.E. 28 at 1, *Scottsdale Cap. Advisors Corp. v. FINRA*, 22-cv-2347 (M.D. Fla. Feb. 6, 2023). Additionally, the SEC "also ha[s] to bear in mind broader public-policy implications" and other

7

factors that do not necessarily concern FINRA, a private company. *Berger*, 597 U.S. at 196.

FINRA's unique interests in this litigation are not diminished by this Court's articulation, in certain other cases, of a "presumption" that a would-be intervenor's interests are adequately represented when a member of "the general public" shares the "'same ultimate objective'" as a governmental party defending the validity of a challenged statute. *N.C. State Conf. of NAACP v. Berger*, 999 F.3d 915, 930, 937 (4th Cir. 2021), *rev'd*, 597 U.S. 179. This case does not fall within that presumption because it concerns challenges to the disciplinary procedures and practices embodied in FINRA's own rules, in addition to challenges to the validity of the provisions of the Exchange Act governing self-regulatory organizations. Additionally, FINRA is not just any member of the general public, but a "registered securities association" under the Exchange Act with its own interests as "a professional association charged with regulating itself" and enforcing the Exchange Act and FINRA rules. *Jones v. SEC*, 115 F.3d 1173, 1182 (4th Cir. 1997) (discussing FINRA's predecessor the National Association of Securities Dealers). The SEC is not an adequate representative of FINRA's distinct interests given FINRA's independent statutory obligation as a registered national securities association to enforce the Exchange Act and its own rules. *See supra* at 1-2.

8

**B.    Alternatively, FINRA Should Be Granted Permissive Intervention.**

In the alternative, the Court should grant permissive intervention. Under Federal Rule of Civil Procedure 24(b), permissive intervention may be granted when the intervenor "has 'a claim or defense that shares with the main action a common question of law or fact.'" *Cawthorn v. Amalfi*, 35 F.4th 245, 255 (4th Cir. 2022). That standard, too, is easily satisfied. The constitutional arguments that the SEC is likely to raise in defense of the order under review overlap with FINRA's own defenses to Petitioners' arguments that FINRA's structure and procedures violate the Appointments Clause, the private nondelegation doctrine, and Article III and the Seventh Amendment.

**III.    The Court Should Grant FINRA Leave To File A Separate Brief.**

If this Court grants FINRA leave to intervene, it should also grant leave for FINRA to file a separate brief pursuant to this Court's Rule 12(e). Good cause supports this request for many of the same reasons warranting intervention: FINRA holds unique interests in the disposition of Petitioners' arguments in this case, and its filing of a separate brief would aid the Court's resolution of the constitutional issues that Petitioners will present regarding FINRA's structure and procedures.

## CONCLUSION

FINRA respectfully requests that the Court issue an order (1) amending the caption to reflect that FINRA was not properly named as a respondent in this case,

9

(2) granting FINRA leave to intervene in this case in support of Respondent SEC, and (3) granting FINRA leave to file a separate intervenor brief.

Dated: January 18, 2024

Respectfully submitted,

/s/ *Amir C. Tayrani*
Amir C. Tayrani
Alex Gesch
Max E. Schulman
Amalia Reiss
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3692
ATayrani@gibsondunn.com
AGesch@gibsondunn.com
MSchulman@gibsondunn.com
AReiss@gibsondunn.com

*Attorneys for Respondent Financial Industry Regulatory Authority, Inc.*

10

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,102 words; and

2. This document complies with the typeface requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: January 18, 2024

Respectfully submitted,

/s/ *Amir C. Tayrani*
Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3692
atayrani@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I caused a true and correct copy of this document to be electronically filed through the Court's CM/ECF system, which will send a notice of filing to all registered users.

Dated: January 18, 2024

Respectfully submitted,

*/s/ Amir C. Tayrani*
Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3692
atayrani@gibsondunn.com